# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARYN PETERSEN, CHRISTINA MORRISON, and MARTIN LU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMBLEMHEALTH, INC. and EMBLEMHEALTH SERVICES COMPANY, LLC,<br><br>Defendants. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Karyn Petersen, Christina Morrison, and Martin Lu ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP and Kessler Matura P.C., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime for Plaintiffs and their similarly-situated co-workers who work or worked for Defendants EmblemHealth, Inc. and EmblemHealth Services Company, LLC (together, "Emblem" or "Defendants") in New York as exempt-classified Individual Insurance Sales Representatives ("IISRs") and Marketing Sales Representatives ("MSRs") during the relevant statute of limitations periods.

2. Emblem is a health insurance company that employed Plaintiffs and similarly-situated workers to assist eligible individuals to enroll in government-subsidized health insurance

programs, such as Medicaid and Medicare, and free or low-cost plans offered through state insurance exchanges.

3. Plaintiffs and those similarly-situated worked long hours at Emblem's offices, at other designated locations, such as doctors' offices, pharmacies, and community events, and at their homes to meet Emblem's steep enrollment quotas.

4. Plaintiffs seek to recover unpaid wages that Emblem owes them and those similarly-situated. They bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of themselves and all similarly-situated current and former IISRs and MSRs who work or worked in New York and who elect to opt in to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

5. Plaintiffs also bring this action on behalf of themselves and a class of similarly-situated current and former IISRs and MSRs pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid wages and overtime under N.Y. Labor Law Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Code R. & Regs., tit. 12, § 142 ("NYLL").

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(d). Defendants are corporations that regularly transact business in this district and are subject to personal jurisdiction in this district.

## THE PARTIES

**Plaintiffs**

10. Plaintiff Karyn Petersen is a resident of New York, New York.

11. At all times relevant to the Complaint, Ms. Petersen was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

12. Ms. Petersen was employed by Defendants from approximately March 23, 1998 to March 14, 2020.

13. Ms. Petersen worked as an IISR from approximately November 2013 to February 2017, and as a MSR from approximately February 2017 to March 2020.

14. Ms. Petersen regularly worked more than 40 hours a week without being paid overtime. For example, Ms. Petersen worked more than 40 hours during the week of November 11, 2019 without being paid overtime for the hours she worked. She estimates that she worked approximately 50 hours that week.

15. Ms. Petersen has expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A.

16. Plaintiff Christina Morrison is a resident of Queens, New York.

17. At all times relevant to the complaint, Ms. Morrison was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

18. Ms. Morrison was employed by Defendants from approximately July 8, 1996 through the present.

3

19. Ms. Morrison worked as an IISR from approximately November 2013 to February 2017, and as a MSR from approximately February 2017 to the present.

20. Ms. Morrison regularly worked more than 40 hours a week without being paid overtime. For example, Ms. Morrison worked more than 40 hours during the week of November 18, 2019 without being paid overtime for the hours she worked. She estimates that she worked approximately 54-60 hours that week.

21. Ms. Morrison has expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A.

22. Plaintiff Martin Lu is a resident of Brooklyn, New York.

23. At all times relevant to the complaint, Mr. Lu was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

24. Mr. Lu was employed by Defendants from approximately October 15, 2007 to July 15, 2019.

25. Mr. Lu worked as an IISR from approximately November 2013 to February 2017, and as a MSR from approximately February 2017 to July 2019.

26. Mr. Lu regularly worked more than 40 hours a week without being paid overtime. For example, Mr. Lu worked more than 40 hours during the week of December 10, 2018 without being paid overtime for the hours he worked. He estimates that he worked approximately 50 hours that week.

27. Mr. Lu has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A.

**Defendants**

28. Defendant EmblemHealth, Inc. is a New York corporation with its headquarters in New York, NY.

29. Defendant EmblemHealth Services Company, LLC is a Delaware corporation with its headquarters in New York, NY.

30. Defendants are covered employers within the meaning of the FLSA and NYLL.

31. At all times relevant, Defendants employed or jointly employed Plaintiffs and similarly-situated IISRs and MSRs.

32. At all times relevant, each Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

33. Upon information and belief, at all times relevant, the gross revenue or business done of each Defendant was in excess of $500,000 annually.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and exempt-classified: (1) IISRs, and (2) MSRs, who worked in New York between September 19, 2016,[1] and the date of final judgment in this action and who elect to opt in to this action (the "Collective").

35. Emblem is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. There are many similarly-situated current and former Collective members who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly-situated

---

[1] Effective September 19, 2019, the parties entered into a tolling agreement that tolled the claims of potential class and collective members.

employees are known to Emblem, are readily identifiable, and can be located through Emblem's records. Notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring their Second, Third, and Fourth Causes of Action, NYLL claims, as a class action pursuant to Rule 23, on behalf of themselves and the following classes:

   a. All persons who work or have worked for Emblem as IISRs in New York between November 1, 2013 and the date of final judgment in this action ("IISR Subclass");

   b. All persons who work or have worked for Emblem as MSRs in New York between February 1, 2017 and the date of final judgment in this action ("MSR Subclass").

37. <u>Numerosity</u>: Upon information and belief, there are more than 40 members of each Subclass. Joinder would therefore be impracticable.

38. <u>Existence and Predominance of Common Questions</u>: There are questions of law and fact common to Plaintiffs and each Subclass that predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   a. Whether Defendants misclassified Plaintiffs and Subclass members as exempt from the protections of the NYLL;

   b. Whether the primary duty of Plaintiffs and Subclass members is "sales" under the outside salesperson exemption;

   c. Whether Plaintiffs and Subclass members customarily performed their duties outside of Emblem's place or places of business or their own home offices;

   d. Whether and to what extent Plaintiffs and Subclass members worked more than forty hours a week;

   e. Whether Defendants failed to furnish Plaintiffs and Subclass members with an accurate statement of wages that included the hourly rate or rates of pay and overtime rate or rates of pay, as required by NYLL § 195(3);

   f. Whether Defendants failed to furnish Plaintiffs and Subclass members with an accurate notice at the time of hire, which included overtime rates, as required by

6

       NYLL § 195(1)(a) and supporting regulations; and

      g.  Whether, prior to the February 2015, Defendants failed to furnish Plaintiffs and Subclass members with an accurate annual notice, as required by NYLL § 195(a)(1) and supporting regulations.

39.    <u>Typicality</u>:  The claims of the Plaintiffs are typical of the claims of the Subclasses they seek to represent.  Plaintiffs and Subclass members work or have worked for Emblem in the same job titles, were classified as exempt, and have not been paid overtime for the hours that they worked in excess of 40 hours per week.

40.    <u>Adequacy</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the Subclasses they seek to represent.  Plaintiffs have retained counsel competent and experienced in complex class action litigation on behalf of employees and intend to prosecute this action vigorously.

41.    <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to prosecute a lawsuit vigorously in federal court against corporate defendants.  The members of the Subclasses have been damaged and are entitled to recovery as a result of Emblem's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Emblem's practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

42. Consistent with Emblem's policy and pattern or practice, Plaintiffs and the members of the Collective and the IISR and MSR Subclasses (collectively "Class Members") regularly worked in excess of 40 hours per week without being paid overtime.

43. Prior to approximately November 2013, Defendants employed Plaintiffs as Facilitated Enrollers, a non-exempt position for which they were eligible for overtime for hours worked over 40 in a workweek.

44. In or around November 2013, Defendants changed the job title to IISR and classified the job as overtime exempt, even though the primary duties of the job did not materially change.

45. Defendants again changed the job title to MSR in or around February 2017, maintaining the exempt classification of the job.

46. The primary job duties of IISRs and MSRs were materially the same.

47. As IISRs and MSRs, Plaintiffs and Class Members' primary duty was to educate potential enrollees about Emblem's free and low-cost health insurance offerings and complete enrollment applications with those who were interested in applying.

48. Plaintiffs and Class Members' primary duty was not making sales.

49. Although Plaintiffs and Class Members regularly worked well over 40 hours a workweek, their paystubs indicated that they were being paid for 35 hours of work.

50. Defendants imposed aggressive enrollment quotas that Plaintiffs and Class Members were required to meet each month. Failure to meet the quota resulted in progressive discipline up to and including termination.

51. Plaintiffs and Class Members customarily performed their primary duties in Emblem offices, other fixed sites, such as doctors' offices, pharmacies, and community events, and working from home.

52. Emblem closely monitored the work that Plaintiffs and Class Members performed, requiring them to be in contact with their managers throughout the day and report on the number of enrollments they obtained.

53. Emblem prohibited Plaintiffs and Class Members from cold-calling potential enrollees and soliciting them door-to-door.

54. Emblem prohibited Plaintiffs and Class Members from promoting Emblem's plans over those of its competitors.

55. Plaintiffs and Class Members were required to be available to enrollees to return their phone calls and emails at all times, even on weekends.

56. The New York State Department of Health determined whether an enrollee was eligible for subsidized health insurance, the plan(s) they were eligible for, and how much, if anything, they were required to pay as a premium.

57. Emblem was aware that Plaintiffs and Class Members worked more than forty hours a week for its benefit.

58. For instance, Plaintiffs and Class Members submitted daily reports to their managers each evening at 8 p.m.

59. Plaintiffs and Class Members also communicated with Emblem after hours using their work email and while logged into Emblem's computer network.

60. As part of its regular business practice, Emblem has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL

with respect to Plaintiffs and Class Members. This policy and pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time that Plaintiffs and the Class Members worked for the benefit of Emblem;

    b. willfully failing to keep payroll records as required by the FLSA and NYLL;

    c. willfully misclassifying Plaintiffs and Class Members as exempt from the requirements of the FLSA and NYLL; and

    d. willfully failing to pay Plaintiffs and Class Members overtime wages for hours that they worked in excess of 40 hours per week.

61. Upon information and belief, Emblem's unlawful conduct described in this Complaint is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

62. Emblem is aware or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

63. Emblem's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful.

64. Emblem's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**FLSA – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the Collective)**

65. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Plaintiffs and the Collective are entitled to be paid overtime compensation for all overtime hours worked.

67. Defendants employed Plaintiffs and the Collective and willfully failed to pay them for the hours they worked in excess of 40 in a workweek, at a rate of at least one-and-a-half times their regular hourly rate, in violation of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

68. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the Collective.

69. Because Defendants' violations of the FLSA were willful, a 3-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### NYLL – Unpaid Wages
### (Brought on behalf of Plaintiffs and IISR and MSR Subclasses)

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. The foregoing conduct, as alleged, violates the NYLL.

73. At all relevant times, Defendants have been "employers" within the meaning of N.Y. Lab. Law §§ 190, 651.

74. At all relevant times, Defendants employed Plaintiffs and members of the IISR and MSR Subclasses, within the meaning of N.Y. Lab. Law §§ 190, 651.

11

75.     NYLL requires an employer, such as Defendants, to pay wages for all hours worked and overtime compensation to all non-exempt employees.

76.     Plaintiffs and members of the IISR and MSR Subclasses are not exempt from overtime pay requirements under NYLL.

77.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay for all hours worked, including overtime pay, to Plaintiffs and members of the IISR and MSR Subclasses for their hours worked in excess of thirty-five (35) per workweek.

78.     By failing to pay wages earned and due to Plaintiffs and members of the IISR and MSR Subclasses for their hours worked in excess of thirty-five (35) hours per workweek, Defendants have violated N.Y. Labor Law Article 6, § 190 *et seq.*, Article 19, § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  These violations were willful within the meaning of N.Y. Labor Law §§ 198, 663.

79.     Plaintiffs, on behalf of themselves and members of the IISR and MSR Subclasses, seek damages in the amount of the respective unpaid wages earned and due, and for unpaid wages for work performed in excess of forty (40) hours in a workweek, at a rate of not less than one and one-half times the regular rate of pay, as provided by N.Y. Labor Law Article 6, § 190 *et seq.*, Article 19, § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, plus liquidated damages, and such other legal and equitable relief as this Court deems just and proper.

80.     Plaintiffs, on behalf of themselves and members of the IISR and MSR Subclasses, seek recovery of attorneys' fees and costs of this action to be paid by Defendant as provided by N.Y. Lab. Law §§ 198, 663.

## THIRD CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Notices
### (Brought on behalf of Plaintiffs and IISR and MSR Subclasses)

81. Plaintiffs, on behalf of themselves and members of the IISR and MSR Subclasses, reallege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants have willfully failed to supply Plaintiffs and members of the IISR and MSR Subclasses with accurate wage notices at the time of hire, and annually prior to February 2015, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their hourly rate or rates of pay and overtime rate of rates of pay, if applicable.

83. Through their knowing or intentional failure to provide Plaintiffs and members of the IISR and MSR Subclasses with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and members of the IISR and MSR Subclasses are entitled to statutory penalties, prior to February 2015, of $50 for each workweek that Defendants failed to provide them with wage notices, or up to a total of $2,500, and, after February 2015, $50 for each workday that Defendants failed to provide them with wage notices, or up to a total of $5,000, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and IISR and MSR Subclasses)

85. Plaintiffs, on behalf of themselves and members of the IISR and MSR Subclasses, reallege and incorporate by reference all allegations in all preceding paragraphs.

13

86. Defendants have willfully failed to supply Plaintiffs and members of the IISR and MSR Subclasses with statements of wages as required by NYLL, Article 6, § 195(3), containing the accurate overtime rate of pay.

87. Through their knowing or intentional failure to provide Plaintiffs and members of the IISR and MSR Subclasses with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

88. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and members of the IISR and MSR Subclasses are entitled to statutory penalties, prior to February 2015, of $100 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of up to $2,500, and, after February 2015, $250 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of up to $5,000, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, seek the following relief:

A. Certification of this action as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b), and as a class action under Rule 23;

B. That, at the earliest time possible, Plaintiffs be allowed to give notice, or that the Court issue such notice, to all members of the Collective. Such notice should inform them that this action has been filed, of the nature of this action, and of their right to join this lawsuit, among other things;

C. Designation of Plaintiffs as representatives of the Collective and Subclasses;

D. Designation of Plaintiffs' Counsel as Counsel for the Collective and Subclasses;

E. A declaratory judgment that Defendants have violated the FLSA and NYLL;

F. Unpaid wages and overtime pay and an equal amount as liquidated damages, pursuant to the FLSA and the NYLL;

G. Reasonable service awards to compensate Plaintiffs for the time they have spent and will spend attempting to recover wages for the Collective and Subclasses and for the risks they take in doing so;

H. Attorneys' fees, costs, and expenses;

I. Prejudgment and post-judgment interest, as provided by law; and

J. Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: June 9, 2020  Respectfully submitted,
New York, NY

 /s/ Rachel Bien
Rachel Bien
Michael C. Danna
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
rmb@outtengolden.com
mdanna@outtengolden.com

Marijana Matura
Troy Kessler
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747

15

Telephone: (631) 499-9100
mmatura@kesslermatura.com
tkessler@kesslermatura.com

*Attorneys for Plaintiffs, the Collective, and the Subclasses*