**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**KARYN PETERSEN, et al.,**

                      **Plaintiffs,**                      **MEMORANDUM**
                                                          **AND ORDER**

                **-against-**                              **20-CV-2568 (CBA)**

**EMBLEMHEALTH, INC., et al.,**

                      **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is plaintiffs' motion for court-supervised notice to putative collective action members, pursuant to 29 U.S.C. § 216(b), and for disclosure of identifying information of potential collective action members. See Stipulation and Proposed Order (Oct. 23, 2020) ("Stipulation"), Electronic Case Filing Docket Entry ("DE") #29; Joint Letter on Parties' Positions Regarding Defendants' Production of Collective Members Cell Phone Numbers (Oct. 23, 2020) ("Joint Ltr."), DE #30. Defendants consent to the proposed notice to putative collective members concerning this lawsuit and the proposed methods of notice, with one exception. See Stipulation ¶ 2. Defendants oppose plaintiffs' request for the production of "Collective members' last known cell phone numbers for purposes of distributing notice by text message and enabling the Notice Administrator to contact Collective members for updated addresses, if necessary." Joint Ltr. at 1; see Stipulation ¶ 2. For the following reasons, the Court approves the parties' Proposed Order and Notice, on consent, subject to the modifications discussed below. The Court further directs defendants to produce

collective members' last known telephone numbers and authorizes notice to be sent by text message, in addition to the methods agreed to by the parties.

"The overarching policies of the notice provisions of Section 216(b), such as achieving judicial efficiency and lowering individual costs for plaintiffs . . . 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" Zhongle Chen v. Kicho Corp., No. 18 CV 7413 (PMH) (LMS), 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 323 (S.D.N.Y. 2007)). Courts in collective actions regularly order the production of telephone numbers of potential collective action members, in addition to other contact information. See, e.g., Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 74-75 (E.D.N.Y. 2016) (quoting Velasquez v. Digital Page, Inc., No. CV 11-3892(LDW)(AKT), 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014)) (collecting cases); see Lopez v. Paralia Corp., 16-CV-6973 (SLT)(PK), 2018 WL 582466, at *3 (E.D.N.Y. Jan. 26, 2018) (rejecting defendant's argument that telephone numbers should not be produced); Zaldivar v. JMJ Caterers, Inc., 166 F.Supp.3d 310, 326 (E.D.N.Y. 2016). Recently, a number of courts have rejected defendants' argument that sending notice by text message is unduly intrusive and specifically authorized the practice to increase the chances that collective members will receive timely notice. See Hernandez v. Between the Bread 55th Inc., 17-cv-9541 (LJL), 2020 WL 6157027, at *14-15 (S.D.N.Y. Oct. 21, 2020) ("class members are likely to be transient and mail to the last known address may not be the best way to reach them"); Qiang Lu v. Purple Sushi Inc., 447 F.Supp.3d 89, 96-97 (S.D.N.Y. Mar. 19, 2020)

(ordering notice to be sent "in any relevant language via mail, email, text, or social media platform"); Moses v. Griffin Indus., LLC, No. 18-cv-1200 (ALC) (OTW), 2020 WL 5813737, at *6 (S.D.N.Y. Sept. 30, 2020) (approving notice by mail, email, text message, and social media); Jian Wu v. Sushi Nomado of Manhattan, Inc., 17cv04661 (PGG) (DF), 2019 WL 3759126, at *12-13 (S.D.N.Y. July 25, 2019) (same). Accordingly, defendants must produce, within ten days of the date of this Order, collective members' telephone numbers, along with their names, last known mailing addresses and dates of employment, as provided in paragraph 2 of the parties' Stipulation.

In addition, the consent form and notice proposed by the parties fail to adequately offer an option for a collective member to choose to proceed in this case *pro se* or with counsel of their own choosing. See Zhongle Chen, 2020 WL 1900582, at *16; Moses, 2020 WL 5813737, at *4. Accordingly, the parties are directed to revise the consent form to specifically offer the opportunity to opt-in to the collective action *pro se* or with separate counsel. See Consent Form, DE #29-2. Further, the responses to Question 8 on page 3 and Question 9 on page 4 of the proposed notice must be changed to advise that the collective action member may join this lawsuit but retain their own counsel or choose to represent themselves.[1] See Notice, DE #29-1.

---

[1] The parties may refer to the Notice and Consent Form approved by this Court in Mason v. Lumber Liquidators, 17-cv-4780 (MKB), DE #70-1, DE #70-4.

The parties must file a revised notice and consent form in accordance with this Memorandum and Order, by October 30, 2020.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 27, 2020

　　　　　　　　　　　　　　　　　　/s/ *Roanne L. Mann*
　　　　　　　　　　　　　　　　　**ROANNE L. MANN**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**