UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

KARYN PETERSON, CHRISTINA MORRISON, and :
MARTIN LU, on behalf of themselves and all others similarly : **Case No.:**
situated, : **20 Civ. 2568 (RLM)**
:
:
Plaintiffs, :
:
:
- against - :
:
:
EMBLEMHEALTH INC., and EMBLEMHEALTH :
SERVICES COMPANY, LLC, :
:
:
Defendants. :

-------------------------------------------------------------------------- X

## DECLARATION OF MARIJANA MATURA IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF THE FLSA SETTLEMENT

I, Marijana Matura, declare as follows:

1.      I am a co-founder of the law firm of Kessler Matura P.C. ("KM" or "Plaintiffs' Counsel") in Melville, New York.  KM is a Long Island based firm that represents plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.  Along with Oliver Schreiber & Chao LLP and Outten & Golden LLP[1], we serve as counsel for Plaintiffs and Opt-In Plaintiffs (collectively, "Plaintiffs").

2.      Along with the lawyers from Oliver Schreiber & Chao LLP and Outten & Golden LLP, I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims in the above styled matter.

3.      I make these statements based on personal knowledge and would so testify if called as a witness.

---

[1]      KM, Oliver Schreiber & Chao LLP, and Outten & Golden LLP will be referred to collectively herein as "Plaintiffs' Counsel".

**Background and Experience**

*Attorneys*

4.      I graduated from Cornell University, School of Industrial and Labor Relations in 2005, and St. John's University School of Law in 2008, where I was an executive board member of the Moot Court Honor Society.  While at law school, I also interned at the National Labor Relations Board where I investigated union members' complaints against their respective unions.

5.      I was first employed as an associate at Missiano Shulman Capetola & Kessler LLP ("MSCK") starting in September 2008, and in March 2010, after MSCK disbanded, I continued to work for Shulman Kessler LLP ("SK") as a senior associate.  In April 2017, I became a partner at SK.

6.      In 2020, I co-founded Kessler Matura P.C. ("KM") where I exclusively represent plaintiffs in employment litigation and Title VII cases – focusing on wage and hour class/collective actions – and have successfully litigated and resolved cases as both supporting and lead Counsel.

7.      I am licensed to practice law in the State of New York and the Southern and Eastern Districts of New York, and am a member in good standing of the bar of the State of New York.

8.      I am an active member of NELA/NY and the American Bar Association ("ABA").

9.      My most recent speaking engagements have included the following:

a.  May 2015, I was a panelist at the NELA/NY Spring Conference regarding ethical solicitation of wage and hour clients.

b.  November 2016, I spoke at the ABA's 10th Annual Labor and Employment Law Conference in Chicago, Illinois, on a panel discussing independent contractors and contingent workers under the NLRA.

c. May 2018, I spoke at the New York City Bar Association on a panel discussing the best practices for the hospitality industry.

d. September 14, 2018, I was a trainer at "Mediation Advocacy Training" which was conducted in conjunction with the Eastern District of New York and the Federal Bar Association. As part of the all-day training session, I presented on the topic of "Overview of Employment Discrimination Law."

e. September 29, 2018, I moderated a panel at the NELA/NY Fall Conference regarding establishing liability when faced with joint employment and/or independent contractor classifications under the FLSA.

f. October 2018, I spoke at the New York State Bar Association's Labor and Employment Conference in Montreal, Canada, on a panel discussing "*Epic* Changes: Arbitration and Class Collective Action Waivers."

g. May 2019, I spoke at the SHRM Long Island Society for Human Resource Management Conference regarding plaintiffs' perspective to wage and hour violations by employers.

h. January 2020, I spoke at the New York State Bar Association at their annual meeting regarding ethical considerations in Alternative Dispute Resolution.

i. June 2020, I spoke to the Bronx County Bar Association regarding workplace protections for employees in New York during COVID-19.

j. August 2020, I spoke on a panel for the National Employment Lawyers Association regarding aggregate settlements.

k. August 2020, I spoke on a panel to the New York County Lawyers Association regarding misclassification, joint employment, and independent contractors.

l. October 2020, I spoke at the New York State Bar Association's Labor and Employment Conference discussing strategic and practical considerations when settling complex employment cases.

m. November 2020, I spoke at the New York County Lawyers Association on a panel discussing wage and hour litigation from the Plaintiffs' perspective.

10. On April 5, 2016, I was honored by Hofstra University School of Law by the Hon. A. Gail Prudenti as one of Long Island's Top Women in Law for 2016.

11.     I have been selected as a SuperLawyers from 2013 through 2021, and in 2012 a

New York Metro Rising Star.

12.     Examples of wage-and-hour cases in which I have been recently involved, include

the following:

     a.  *Edwards v. The ServiceMaster Company, LLC*, No. 20 Civ. 6124 (S.D.N.Y. April 21, 2021) (approving an FLSA settlement on behalf of three customer service representatives);

     b.  *Baten v. Michigan Logistics, Inc.*, No. 18 Civ. 10229, 2019 WL 6790693 (C.D. Cal. July 10, 2019) (denying motion to compel arbitration in putative class and collective action of auto-part delivery drivers), *aff'd*, 830 F. App'x 808 (9th Cir. 2020);

     c.  *Alfano v. Zocdoc, Inc.*, No. 18 Civ. 2558 (S.D.N.Y. Oct. 1, 2019) (approving an FLSA settlement on behalf of 36 inside salespeople);

     d.  *Savino v. Visiting Nurse Service of New York*, No. 15 Civ. 9451, 2017 WL 2473214 (S.D.N.Y. June 7, 2017) (approving an FLSA settlement on behalf of six community outreach coordinators);

     e.  *Cruz v. Burger Brothers Rest. Group, Inc.*, No. 14 Civ. 3186 (E.D.N.Y. Mar. 28, 2017) (class action settlement approved on behalf over 275 assistant store managers employed at over 45 fast food restaurants in New York);

     f.  *Davis v. IMG Worldwide, LLC*, No. 15 Civ. 2157 (S.D.N.Y. July 27, 2016) (class action settlement preliminarily approved on behalf of approximately 85 Fashion Week workers);

     g.  *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891, 2015 WL 5444944, at *5 (E.D.N.Y. Sept. 15, 2015) (conditionally certifying collective), *settlement approved by*, 2016 WL 2839797 (E.D.N.Y. May 12, 2016) (class action settlement approved on behalf of approximately 250 marketing representatives);

     h.  *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95 (E.D.N.Y. 2014) (conditional certification granted), *settlement approved by*, 2015 WL 4608655 (E.D.N.Y. July 30, 2015) (class action settlement approved on behalf of approximately 2,500 assistant branch managers);

     i.  *Sukhnandan v. Royal Health Care of Long Island*, No. 12 Civ. 4216, 2014 WL 3778173 (S.D.N.Y. July 31, 2014) (matter on behalf of more than 400 marketing representatives approved as a class and collective action settlement);

j. *Morris v. Affinity Health Plan*, 859 F. Supp. 2d 611 (S.D.N.Y. 2012) (matter on behalf of approximately 1,500 marketing representatives certified as a class action and settlement approved); and

k. *Salomon v. Adderley Industries*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012) (matter on behalf of approximately 400 cable technicians conditionally certified as a collective action).

13.    Attorney Troy L. Kessler is a co-founder of KM.  Attached as **Exhibit B** is Mr. Kessler's CV, which includes additional cases in which our firm has been involved

14.    Attorney Garrett Kaske is an associate of KM.  Attached as **Exhibit C** is Mr. Kaske's CV.

### *Paralegals*

15.    KM's paralegal staff includes:

a. Madelyn Howarth has been employed as a bilingual (English and Spanish) paralegal at KM since November 2015.  Ms. Howarth has been employed by numerous law firms as a paralegal since approximately 1994.  Most recently, she was employed by Douglas M. Reda, Esq., from approximately 2005 through 2015.

b. Kristine Jimenez is currently employed by KM as a bilingual (English and Spanish) paralegal.  Ms. Jimenez started in her role in May 2018.  She regularly interviews potential and existing clients, translates for our English-speaking attorneys, and handles administrative matters at the firm.   Since approximately March 2015, Ms. Jimenez was employed by law firms as a paralegal.  Most recently, she was employed by Donald Leo & Associates from approximately September 2017 through April 2018.

***Kessler Matura P.C.***

16.    In *Garcia v. Pancho Villa's of Huntington Village*, the Hon. E. Thomas Boyle, U.S.M.J., certified the matter as a class action stating that "the Court takes notice that Plaintiffs' counsel are experienced labor and employment litigators, who have successfully represented employees in numerous collective and class action lawsuits." 281 F.R.D. 100, 107 (E.D.N.Y. 2011).

17.    In *Morris v. Affinity Health Plan*, the Hon. Andrew L. Carter, Jr., U.S.D.J., certified a class action and approved a class action settlement stating that Plaintiffs' Counsel "have substantial experience prosecuting and settling wage and hour actions, are well-versed in wage and hour and class action law, have been class or lead counsel in numerous wage and hour class and collective actions." 859 F. Supp. 2d at 616. Moreover, Judge Carter determined that Plaintiffs' Counsel "are experienced employment lawyers with good reputations among the employment law bar . . . [and] substantial experience prosecuting large-scale wage and hour class and collective actions." *Id*. at 622.

18.    In *Puglisi v. TD Bank*, the Hon. Gary R. Brown, approved the class action settlement, indicating that the work by the plaintiffs' counsel—including Plaintiffs' Counsel—was "excellent" and noting "the high level of service that was provided to the class." *Puglisi v. TD Bank*, No. 13 Civ. 637 (E.D.N.Y. July 30, 2015), Hr'g Tr. at 10-12.

19.    As outlined in *Bijoux*, *Puglisi*, *Garcia*, *Morris* and *Sukhnandan*, courts have repeatedly found that my firm and I have served as adequate counsel in collective and class actions. *See Bijoux*, 2016 WL 2839797, at *1; *Puglisi*, 2015 WL 4608655, at *1; *Garcia*, 2012 WL 5305694, at *7; *Morris*, 859 F. Supp. 2d at 616, 622; *Sukhnandan*, 2014 WL 3778173, at *8

("The work [Plaintiffs' Counsel] has performed in litigating and settling the [class action] demonstrates their commitment to the class.").

### Time Spent on Litigation

20.     As of May 18, 2021, KM has spent 111.4 hours investigating, researching, litigating, mediating, and settling this case.  This number includes approximately 110.8 attorney hours.  As of May 18, 2021, KM's lodestar on the case was $44,810.00.  Attached as **Exhibit A** are KM's contemporaneous time records.

21.     Due to the experience of its attorneys in representing workers in litigation of this type, KM utilizes a small team of attorneys and support personnel to minimize duplication of efforts and maximize both efficiency and billing judgment.

22.     In our experience, law firms in New York City and Long Island representing plaintiffs in wage-and-hour litigation typically charge their clients at least one-third of their gross recoveries when representing them on a contingent basis.  *See, e.g.*, *Savino v. Visiting Nurse Serv. of New York*, No. 15 Civ. 9451, 2017 WL 2473214, at *3 (S.D.N.Y. June 7, 2017) ("Contingency fees of one-third in [unpaid wages] cases are routinely approved in this circuit." (collecting cases)).

23.     With regards to such contingency fee cases, for purposes of the lodestar crosscheck, courts in the Southern and Eastern District have approved wage-and-hour class action settlements in which KM submitted lodestar calculations using rates similar to those included here.  For instance, in approving a FLSA settlement the Honorable Magistrate Judge Tomlinson held that KM's attorneys' "hourly rates . . .  fall within the range of reasonable rates within the Eastern District of New York."  *Nunes v. Rob-Glen Enters., Inc.*, No. 16 Civ. 6207,

2018 WL 3351798, at *2 (E.D.N.Y. July 5, 2018).[2]  Other examples include *Meo v. Lane Bryant, Inc.*, No. 18 Civ. 6360, 2020 WL 4047897, at *3 (E.D.N.Y. July 17, 2020) (approving fees based on percentage-of-recovery and lodestar crosscheck, in which the court reviewed KM's billing rates) and *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2015 WL 4608655 (E.D.N.Y. July 30, 2015) (approving class action settlement and approving fees).[3]

24.    KM undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of significant risk.  Plaintiffs' retainer agreement with KM provides for a contingent fee of one-third of the recovery.  Wage-and-hour cases of this type are, by their very nature, complicated and time-consuming.  KM frequently undertakes representation of large numbers of affected employees in wage-and-hour actions.  Although this typically requires a tremendous investment of time, energy and resources, these cases help push the law in a direction favorable to employees.  This case was no exception.  Due also to the contingent nature our fee arrangement, KM was prepared to and did make a substantial investment of time and resources with the very real possibility of an unsuccessful outcome – whether as a result of collective decertification or adjudication on the merits – and no fee of any kind – resulting in an expensive loss.

---

[2]    *See* Summary of Attorneys' Fees, *Nunes v. Rob-Glen Enters., Inc.*, No. 16 Civ. 6207, ECF No. 41-3 (E.D.N.Y. June 5, 2018) (calculating lodestar using the following rates: $450 for partner, Troy Kessler, $375 for partner, Marijana Matura, $250 for associate, Tana Forrester (2015 graduate), and $100 for paralegals, Madelyn Howarth and Kristine Jimenez).

[3]    *See* Attorneys' Fees & Costs Summary, *Meo v. Lane Bryant, Inc.*, No. 18 Civ. 6360, ECF No. 55-4 (E.D.N.Y. May 11, 2020) (calculating lodestar using the rate of $475 for partner, Troy L. Kessler and $350 for associate, Garrett Kaske); Attorneys' Fees & Costs Summary, *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, ECF. No. 93-2 (E.D.N.Y. July 15, 2015) (calculating lodestar using the following rates: $450 for partner, Troy Kessler, $350 for then associate, Marijana Matura, $250 for associate, Garrett Kaske).

25.     Although much of KM's work is on a contingent or hybrid fee arrangement of one-third, which is the type of arrangement KM entered into with Plaintiffs in this matter, KM does have hourly clients.  For those clients, KM ordinarily and regularly bills clients at rates ranging from $425 to $500 per partner's hour, $300 to $375 per associate's hour, and $75 to $100 per hour for support staff.

*   *   *

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Affirmed this 21st day
of May 2021

/s/ Marijana Matura
Marijana Matura

**Kessler Matura P.C.**
Marijana Matura
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

***Attorneys for Plaintiffs***